IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE BROCK GRUBB,<br><br>Defendant. | CR 18–23–BU–DLC<br><br>ORDER |

Before the Court is the United States' Motion in Limine for Pretrial Determination of Admissibility of Certain Business Records (Doc. 25). Counsel for the Defendant indicated that he did not oppose a pretrial determination but would need to "consult with the defendant and would need to know the specific records prior to taking a position on admissibility." (Doc. 25 at 2.) However, as of the date of this Order, the Defendant has not responded to this Motion. Pursuant to L.R. CR 47.2(b): "Failure to file briefs within the prescribed time may subject any motion to summary ruling and may be deemed an admission that the non-filing party's position lacks merit."

The United States seeks a preliminary determination of the admissibility of "Gmail account records produced by Google" and "Snapchat records produced by Snap, Inc.," under Federal Rule of Evidence 104(a). (Doc. 26 at 3.) These records

-1-

were produced "pursuant to a Montana District Court Search Warrant." (*Id.* at 3–4.) The United States contends that the underlying documents are non-hearsay business records under Rule 803(6) and are self-authenticating certified domestic records of a regularly conducted activity under Rule 902(11).

Federal Rule of Evidence 803(6) provides that business records are not excluded from the rule against hearsay if:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Rule 902(11) provides that certified domestic records of a regularly conducted activity are self-authenticating, meaning that they do not require extrinsic evidence of their authenticity to be admitted. The domestic record must meet "the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). However, Rule 902(11) also requires that "[b]efore the trial or hearing, the proponent must give an adverse party

reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."

Here, the United States has provided a "Certificate of Authenticity" from the custodian of records for both Google and Snap, Inc. (Doc. 26-1 at 2, 8.) The "Certificate of Authenticity" from each respective custodian shows compliance with Rule 803(6)(A) through (C). Further, each satisfies the requirements for self-authentication provided at Rule 902(11): each was made pursuant to 28 U.S.C. § 1746 which is a "federal statute" providing for an unsworn declaration under penalty of perjury; each is also a part of this Motion, which is a "reasonable written notice of the intent to offer the record" that made "the certification available for inspection," while the records themselves, the Court is informed, "have been previously provided to the defendant, or made available for inspection, in discovery." Defendant has also been provided "a fair opportunity to challenge them," but has opted not to do so. The certifications satisfy Rule 902(11) and, consequently, Rule 803(6)(D). Lastly, Defendant has not shown that "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness" which would make these records inadmissible under Rule 803(6)(E).

Absent any information to the contrary, the Court finds that the certifications satisfy the requirements of Rules 803(6) and 902(11) and render the subject business records admissible. Accordingly,

IT IS ORDERED that the United States' Motion (Doc. 25) is GRANTED. The business records produced by Google and Snap, Inc., are admissible pursuant to Federal Rules of Evidence 803(6) and 902(11).

DATED this 7th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court